Filed 4/2/14  P. v. Figel CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C074897 |
| Plaintiff and Respondent, | (Super. Ct. No. 62115050) |
| v. | |
| THOMAS LYNN FIGEL, | |
| Defendant and Appellant. | |

Defendant Thomas Lynn Figel pled no contest to grand theft of gold dust amalgam.  Afterwards, he filed a motion to withdraw his plea.  The trial court denied the motion, finding defendant failed to show good cause.  On appeal, defendant contends he showed good cause by demonstrating he had been on drugs during the plea hearing and did not understand the court proceedings.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with grand theft of gold dust amalgam or quicksilver.  A settlement conference/plea hearing was held on March 7, 2013.  On the day of the

1

hearing, defendant and his lawyer, Amber Zehrung, discussed the district attorney's plea offer and the consequences of taking the deal. She went over a plea and waiver of rights form with him. Defendant acknowledged he understood his rights and waived them by initialing specified boxes. By signing the form, he acknowledged that he read it and had enough time to discuss it with his attorney. During their discussion, and the plea hearing itself, Zehrung never suspected defendant was under the influence or incapable of understanding the court proceedings.

During the plea hearing, the judge himself questioned defendant regarding his constitutional rights. Defendant responded directly to the questions and acknowledged that he understood his rights and waived them. He confirmed that he and his attorney reviewed the plea and waiver of rights form. He pled no contest to the grand theft and admitted two prior prison terms. Under the plea agreement, defendant was to receive a sentence of four years in jail.

Within the month, defendant submitted a motion to withdraw his no contest plea. He claimed he was not in his right state of mind during the plea hearing because he had been under the influence of methamphetamine, marijuana, and alcohol and was coming down from a high. He could not comprehend what he was admitting to, but he did not tell anyone he was on drugs or in any way impaired.

The judge who heard the plea hearing presided over the hearing on the motion to withdraw the plea. He found the defendant not credible and Zehrung persuasive and denied the motion.

DISCUSSION

Defendant argues the trial court abused its discretion when it denied his motion to withdraw his plea. He contends he had good cause for withdrawal since he was not in his right state of mind at the time of the plea hearing and therefore did not freely exercise his judgment. We are not persuaded.

I

2

*Standard Of Review*

A motion to withdraw a plea may be granted if there is good cause. (Pen. Code, § 1018.) "To establish good cause, it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment. [Citations.] Other factors overcoming defendant's free judgment include inadvertence, fraud or duress." (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) "A plea may not be withdrawn simply because the defendant has changed his mind." (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.)

" '[T]he withdrawal of such a plea rests in the sound discretion of the trial court and a denial may not be disturbed unless the trial court has abused its discretion.' [Citation.] An appellate court will not disturb the denial of a motion unless the abuse is clearly demonstrated." (*In re Brown* (1973) 9 Cal.3d 679, 685.)

II

*The Trial Court Acted Within Its Discretion In Denying*

*Defendant's Motion To Withdraw His Plea*

Defendant contends the trial court abused its discretion by not allowing him to withdraw his plea. According to defendant, he established good cause for withdrawal by demonstrating he had been high on methamphetamine, alcohol, and marijuana. He claims he was coming down from the high during the hearing, and while in this condition he was not in his right state of mind and could not understand the court proceedings. He asks us to believe he could understand the words spoken during the proceedings, and responded appropriately, but could not comprehend what he was admitting to.

There is evidence in the record, however, to support the trial court's determination that defendant understood the proceedings and "knowingly and intelligently" entered a plea of his own free will. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 918.) Before the plea hearing, defendant and his attorney reviewed a plea and waiver of rights form. The form required him to initial boxes indicating he understood and waived specified

rights. By signing the form, he acknowledged that he had read it and had enough time to discuss it with his attorney.

At the plea hearing, the judge asked defendant if he understood the proceedings and his rights. Defendant repeatedly affirmed he understood. There was no indication he was confused or unaware of his situation nor did he mention he was high or feeling ill.

The sole evidence in favor of defendant was his own, self-serving testimony, given at the motion to withdraw hearing, which directly contradicted his previous statements. The judge did not find defendant's testimony credible. "It is entirely within the trial court's discretion to consider its own observations of the defendant in ruling on such a motion. [Citation.] The court may also take into account the defendant's credibility and his interest in the outcome of the proceedings." (*People v. Ravaux*, *supra*, 142 Cal.App.4th at p. 918.) Here, the same judge presided over both hearings and was able to observe and compare defendant's behavior. It was within his discretion to discount defendant's testimony.

Zehrung testified that at no time before or during the plea hearing did she suspect defendant was under the influence or incapable of understanding what was going on in court. The judge found her testimony to be credible and persuasive.

Defendant argues that "[t]he question in this case becomes whether substantial justice would have been accomplished or defeated by the granting of his motion to withdraw his plea." For support, defendant cites two cases. Both cases involve granting a continuance, not withdrawing a plea. (*People v. Jenkins* (2000) 22 Cal.4th 900; *People v. Beeler* (1995) 9 Cal.4th 953.) One of the cases (*Beeler*) does not even mention substantial justice.

Substantial justice is not the test used to grant a motion to withdraw a plea; good cause is. (See Pen. Code, § 1018.) Given that the trial judge chose not to believe defendant's testimony, no good cause was shown. Defendant was given a choice, in court, represented by an attorney. He cannot change his mind later because he does not

4

like the consequences of his decision.  The trial court acted well within its discretion when it denied defendant's motion to withdraw his plea.

DISPOSITION

The judgment is affirmed.


                                                  ROBIE            , Acting P. J.


We concur:


       MAURO           , J.


       HOCH            , J.